**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

June 07, 2024

LAURA A. AUSTIN, CLERK
BY:  s/ FELICIA CLARK
DEPUTY CLERK

| | | |
|---|---|---|
| **WESLEY HAYNIE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:23CV00016 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **HAROLD CLARKE, in his official** | ) | JUDGE JAMES P. JONES |
| **capacity, Director of the Virginia** | ) | |
| **Department of Corrections, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

*Blake A. Weiner, BLAKE WEINER LAW, PLLC, Richmond, Virginia, for Plaintiff; Ann-Marie White, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Defendants.*

The plaintiff, Wesley Haynie, brings this action under 42 U.S.C. § 1983 against the defendants, who worked for the Virginia Department of Corrections (VDOC) at the time of the Complaint. The plaintiff alleges violations of his Eighth, Fourteenth, and First Amendment rights as well as a claim for common law assault.[1] Defendants Clarke, Dye, Hamilton, Owens, and Squire filed a Motion to Dismiss on September 29, 2023, and defendant Deel separately filed a Motion to Dismiss on February 6, 2024. Fed. R. Civ. P. 12(b)(6). At the time of the Complaint, Clarke was the Director of the Virginia Department of Corrections (VDOC), Hamilton

---

[1] This action was originally jointly filed by Haynie and another inmate plaintiff involving separate prison incidents. The case was thus severed into two separate actions.

worked as the Warden of Keen Mountain Correctional Center, and defendants Dye, Owens, Squire, and Deel worked as correctional officers at Keen Mountain.  For the following reasons, I will grant in part and deny in part the motions.

## I.  Background.

At the time his claims arose, Haynie was incarcerated at Keen Mountain Correctional Center in Oakwood, Virginia, within this judicial district.  He alleges the following facts, which I must accept as true for the purposes of the present motion.  On October 14, 2021, Haynie was subjected to being driven recklessly and dangerously while he was being transported from Keen Mountain to the Greenville County Circuit Court by defendants Robernett[2] and Ashby, who have not filed motions to dismiss.[3]  Haynie informed Robernett and Ashby that he did not want to ride in the back of the windowless van because he was claustrophobic.  The defendants told Haynie he could not refuse and placed him in the back of the van without a seatbelt.  The defendants drove the van recklessly, causing him to become nauseous, get thrown from his seat, and suffer a panic attack.  He later fell unconscious during the drive and awoke with his pants soaked in urine.  After Haynie was returned to Keen Mountain, he was asked to sign a paper stating that he was

---

[2] As in the Complaint; the name is thereafter spelled Robinette.

[3] Both defendants have filed answers although Ashby's Answer indicates at its closing that it is filed by "Robinette."  I assume that this is a typographical error caused by counsel copying a prior answer except for the preface.  Answer 1, ECF No. 35.

offered a seatbelt but refused it.  Haynie alleges that he has been harassed and threatened because of not signing the paper.

Around September 2022, defendant Owens told Haynie that if he did not stop making written complaints of officer misconduct, Haynie would be beaten, placed in solitary confinement, and would not be fed.  Defendant Deel also threatened Haynie with solitary confinement and referred to Haynie using a racial slur when Haynie stated that he would be filing complaints against Deel.  Haynie also alleges that defendant Squire told him and another inmate that if they did not stop filing written complaints, Squire would plant a knife in their cells and have them transferred to a higher security facility.  The other inmate was later transferred to Red Onion State Prison, a high security prison located in Wise County, Virginia. Haynie alleges that defendant Dye stated that if Haynie continued to make complaints about the officers that were threatening him, the officers would plant a knife in Haynie's cell and transfer him to Red Onion.  Lastly, because of the rough ride, Haynie alleges that he suffered a disk bulge causing severe back pain.  He was refused an MRI until August 2022 and has not been treated by staff at Keen Mountain despite multiple complaints.

Haynie brings claims for violation of his Eighth Amendment rights against Hamilton, violation of his Fourteenth Amendment rights against Owens and Deel, and violation of his First Amendment rights against Clarke, Hamilton, Dye, Squire,

Deel, and Owens.  He also brings a state law claim of assault against Hamilton, Dye, Squire, Deel, and Owens.  Haynie seeks monetary damages and injunctive relief. Defendants Clarke, Hamilton, Dye, Squire, Deel, and Owens have filed Motions to Dismiss for failure to state a claim.

## II. STANDARD OF REVIEW.

To survive a 12(b)(6) motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not meet the Rule 8 pleading standard. *Id.* at 678.

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### III. DISCUSSION.

#### A.  Defendants Clarke and Hamilton.

To state a claim under § 1983, Haynie's Complaint must plausibly allege that defendants Clarke and Hamilton, "through [their] own individual actions, [have] violated the Constitution."  *Iqbal*, 556 U.S. at 677.  Under § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a under a theory of *respondeat superior*."  *Id.* at 676.  However, "supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates."  *Shaw ex rel. Bowen v. Stroud*, 13 F.3d 791,798 (4th Cir. 1994).  To established supervisory liability under § 1983, the plaintiff must first establish "that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff."  *Id.* at 799 (internal quotations omitted).

Haynie has failed to allege facts that would support claims of direct or supervisory liability under § 1983.  He has not stated facts as to any specific unconstitutional action taken by defendants Clarke and Hamilton.  He also has not referred to any direction or order given by Clarke and Hamilton, or any policy implemented or enforced by them.  Additionally, there are no facts to suggest they had actual or constructive knowledge of actions taken by their subordinates.

As to his state law claim of assault against Hamilton, Haynie claims that the defendants threatened to cause physical harm and caused him to be in reasonable apprehension of offensive contact.  There are no facts in the complaint relating to an alleged assault by Hamilton or that the defendants were following Hamilton's instructions.

As Haynie has not adequately pled facts against defendants Clarke and Hamilton, the motion to dismiss as to Counts II and V against Hamilton and Count IV against Hamilton and Clarke is granted.[4]

### B.  Defendants Dye, Owens, Squire, and Deel.

### i.  Discrimination.

Count III alleges that actions taken by Owens and Deel were motivated, in part, by racial discrimination and that these defendants continually referred to Haynie's race and color while furthering their unconstitutional actions.  Compl. ¶ 95.  "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)

---

[4] Harold Clarke is named only in his official capacity for the purpose of injunctive relief. Compl. ¶ 8, ECF No. 1. He is no longer Director of the VDOC and thus if the claim against him were to continue, his successor would be automatically substituted. Fed. R. Civ. P. 25(d).

Haynie has not included details sufficient to support a claim that Owens and Deel treated him differently from similarly situated inmates because of his race. There is no indication that the defendants were motivated by racial discrimination in making their threats.  At most, Haynie has alleged that the defendants referred to his race while threatening him, and that Deel used a racial slur.  Compl. ¶¶ 62, 64.

Haynie's allegations of discrimination in violation of the Fourteenth Amendment fail to state a claim upon which relief may be granted.  Accordingly, I will grant the Motion to Dismiss as to Count III against Owens and Deel.

### ii.  Retaliation.

Count IV of the complaint alleges that Dye, Squire, Deel, and Owens violated Haynie's First Amendment rights by threatening him for making complaints and refusing to sign a paper stating he refused to wear a seatbelt.  To state a colorable First Amendment retaliation claim, a plaintiff "must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct."  *Martin v. Duffy*, 977 F.3d 294, 299 (4th Cir. 2020) (citation and alterations omitted).

It is true that inmates have no constitutional entitlement to accessing a grievance procedure, meaning that an inmate "cannot bring a § 1983 claim alleging denial of a specific grievance process."  *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533,

541 (4th Cir. 2017) (citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). However, inmates have a First Amendment right to file a grievance free from retaliation. *Id.* at 546. Haynie's claim thus satisfies the first element.

Under the second element, a plaintiff suffers adverse action "if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005) (internal quotation marks and citations omitted). "[V]erbal threats of retaliation, unless they are sufficiently specific and direct, generally do not constitute an adverse action for purposes of a retaliation claim." *Stevens v. Clarke*, No. 7:21-CV-00570, 2022 WL 2757637, at *6 (W.D. Va. July 14, 2022) (citing *Mateo v. Fischer*, 682 F. Supp. 2d 423, 434 (S.D.N.Y. 2010)). Generalized threats of physical violence have been found to be insufficient. *Williams v. Gilbert*, No. 7:22-CV-00670, 2024 WL 329540, at *3 (W.D. Va. Jan. 29, 2024). For example, a threat that the plaintiff would have to "pay the consequences for filing a grievance" was not sufficiently specific and direct, but the statement, "[I]f you don't stop writing grievances, I'm going to break your fuckin' neck" was sufficient. *Mateo v. Fischer*, 682 F. Supp. 2d at 434 (internal quotation marks and citations omitted).

Haynie's claims include threats made by Owens, Deel, Squire, and Dye. Defendant Owens informed Haynie he would "beat [his] black ass and stop feeding

[him]" and that Owens could "do whatever [he] want[ed] because [his] name tag [said] Owens," referring to his family members who hold positions at the VDOC. Compl. ¶ 62. Deel is alleged to have said, "I will throw you in hole and beat your ass with the cuffs on." *Id*. ¶ 64. Defendants Squire and Dye told Haynie that they would plant a knife in Haynie's cell and have him transferred to a higher security facility if he did not stop filing written complaints. *Id*. ¶ 65. As these facts include specific and direct threats against Haynie, I find that he has sufficiently alleged retaliatory conduct that would likely deter a person of ordinary firmness.

To satisfy the third element of a First Amendment retaliation claim, Haynie must allege a causal relationship between his protected activity and the defendant's conduct. Haynie has met this element. He alleges that each of the defendants Dye, Squire, Deel, and Owens referred to his filing of complaints as the reason for threatening him.

Haynie has stated a colorable First Amendment retaliation claim. Accordingly, I will deny the motions to dismiss as to Count IV against Dye, Squire, Deel, and Owens.

### iii. Assault.

Lastly, Haynie brings a state law claim for assault against Dye, Squire, Deel, and Owens. To establish the tort of assault, the plaintiff "must prove that the defendant performed an act intended to cause either harmful or offensive contact

with another person or apprehension of such contact, and that creates in the other person's mind a reasonable apprehension of an imminent battery."   *Koffman v. Garnett*, 574 S.E.2d 258, 261 (Va. 2003).

Haynie does not plausibly allege that threats made by Dye, Squire, Deel, and Owens put him in reasonable apprehension of an imminent battery.  None of these defendants were involved in Haynie's rough ride.  Owens, Squire, and Dye threatened Haynie with physical harm if he continued to make complaints about the officers, not imminently.  Haynie also claims that Deel threatened to beat him and place him in solitary confinement in response to Haynie stating that he was going to file complaints against Deel.  "[S]houting profanities and threats even in close physical proximity does not constitute assault."  *Marcantonio v. Dudzinski*, 155 F. Supp. 3d 619, 627 (W.D. Va. 2015) (citing *Bennett v. Commonwealth*, 546 S.E.2d 209, 212 (Va. Ct. App. 2001)).  There are no facts to suggest that Deel was in close physical proximity or made sudden and threatening movements that could constitute an assault.  Therefore, I will grant the motions to dismiss as to Count V.

## iv.  Injunctive Relief.

Defendants request that the court dismiss any claim for injunctive relief.  However, at this point the court cannot determine what specific relief might be appropriate.  Some sort of injunctive relief might be available, even if it is not the specific relief currently noted by the plaintiff.

IV.    CONCLUSION.

For the foregoing reasons, the defendants' motions to dismiss, ECF Nos. 15 and 32, are GRANTED in part and DENIED in part.  Defendants Harold Clarke and Israel Hamilton are DISMISSED as parties to this action.  Counts II, III, and V of the Complaint are DISMISSED as they pertain to all defendants except Ashby and Robernett.  The defendants' requests to dismiss Count IV and any claim for injunctive relief are DENIED.  Leave is GRANTED to the plaintiff to file an amended complaint that cures the deficiencies described herein, provided such amended complaint is filed within 14 days hereof.

It is so **ORDERED**.

ENTER:   June 7, 2024

/s/  JAMES P. JONES
Senior United States District Judge