CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED
July 15, 2024
LAURA A. AUSTIN, CLERK
BY: /s/ Robin Bordwine
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## Abingdon Division

WESLEY HAYNIE,

    Plaintiff,

v.                                                Civil Action No. 1:23CV16

ASHBY, et al.,

    Defendants.

## STIPULATED PROTECTIVE ORDER

**WHEREAS**, the parties intend to produce or have produced certain documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure that they deem or may deem to be confidential, highly confidential, private, subject to an applicable privilege, or otherwise inappropriate for public disclosure; and

**WHEREAS,** the parties seek to ensure the confidentiality of these documents and that the information contained therein remains protected; and

**WHEREAS**, the parties are aware that the Virginia Department of Corrections believes that certain documents to be produced would be considered records excluded from disclosure under the Virginia Freedom of Information Act because the disclosure of such documents would jeopardize prison and inmate security; and

**WHEREAS,** this Court finds that good cause exists for the issuance of an appropriately tailored protective order covering the pretrial phase of this matter;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, by and among the parties hereto, and through their undersigned counsel, as follows:

1. This "Matter" shall mean the above-captioned matter, Case No. 1:23cv16;
2. "Plaintiff" shall mean Wesley Haynie;
3. "Defendants" shall mean Defendants Robinette, Ashby, Squire, Dye, Deel and Owens;
4. "VDOC" shall mean the Virginia Department of Corrections;
5. "Parties" shall mean Plaintiff and Defendants;
6. As used herein, and without waiving the right to later interpose objections concerning these documents, "Confidential Materials" shall mean material that, if disseminated to the public, could jeopardize the safety or security of a person or prison, or that could be used to identify inmates who are not parties to this litigation, including but not limited to:
    (a) Photographs or video footage taken of or within any VDOC facility. This provision does not limit the Parties' ability to agree to designate such materials as Highly Confidential, as that term is used below;
    (b) Correspondence or other documentation identifying the names of other inmates and/or their inmate identification numbers. This provision does not limit the Parties' ability to agree to designate such materials as Highly Confidential, as that term is used below;
    (c) Material containing personal, sensitive and confidential information of Plaintiff or Defendant or of a third party to whom Plaintiff or Defendant reasonably believe is owed an obligation of confidentiality with respect to such documents, including without limitation Plaintiff's medical and mental health records. This provision does not limit the Parties' ability to agree to designate such materials as Highly Confidential, as that term is used below;
7. As used herein, without waiving the right to later interpose objections concerning these documents, "Highly Confidential Materials" includes, but is not limited to:
    (a) Material contained in the Defendant's or any VDOC employee's personnel records;
    (b) Documents containing the home addresses, personal telephone numbers, Social Security numbers, or other nonemployment related information about Defendants or third parties;
    (c) VDOC 400 series security protocols or procedures, provided that the information is not already lawfully available to the public and, if disseminated to the public, would jeopardize the imminent safety or security of a person or prison;

2

    (d)    Correspondence, reports, training materials, or other documentation created or used by the Defendant or VDOC, provided that the information is not already lawfully available to the public and, if disseminated to the public, would jeopardize the imminent safety or security of a person or prison. Such protected documentation may include information which identifies:
        (i)    Physical infrastructure information;
        (ii)    The location or operation of security equipment and systems or operation of security equipment and systems;
        (iii)    Security telecommunications equipment and systems;
        (iv)    Utility equipment and systems;
        (v)    Vulnerability assessments;
        (vi)    Surveillance techniques;
        (vii)    Personnel deployments, alarm or security systems or technologies, or operational or transportation plans or protocols; or
        (viii)    Institutional security or criminal investigatory reports;
    (e)    Documents and information concerning contract pricing and staffing as related to Armor Correctional Health Services' and VitalCore Health Strategies' respective contracts with VDOC;
    (f)    Any other documents or information designated as "proprietary" in its original form;

8.    The documents and information as defined in paragraphs 6 and 7 shall not be deemed "Confidential Materials" or "Highly Confidential Materials," to the extent that they are:
    (a)    Legitimately obtained by Plaintiff from sources other than Defendant or VDOC; or
    (b)    Are otherwise publicly available;

9.    The Parties shall designate in good faith particular documents as Confidential Materials or Highly Confidential Materials by labeling such documents "Confidential" or "Highly Confidential." If labeling on the particular document is not feasible, designation may be made in a writing directed to the other party at the time the document is produced. Parties that designate documents or information as "Confidential Materials" or "Highly Confidential Materials" must take care to limit any such designation to specific material that qualifies, and only upon a good-faith belief that the documents, information, or material contain personal, sensitive, or confidential information of the party or third party to whom the party reasonably believes it owes an obligation of confidentiality with respect to such documents. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, that designating party must promptly notify other Parties that it is withdrawing the mistaken designation;

10.    Any documents produced by a nonparty pursuant to a subpoena in this matter, which a party designates as Confidential Materials or Highly Confidential Materials, shall be governed by the terms of this Stipulated Protective Order;

11. The Parties reserve the right to designate any document as Confidential Materials or Highly Confidential Materials pursuant to this Stipulated Protective Order, if necessary, after production of such documents to the other party, provided they do so within 30 days of production;

12. Counsel for any party may designate deposition testimony concerning any Confidential Materials as "Confidential" or "Highly Confidential" either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials or Highly Confidential Materials, in which event the reporter will bind the transcript of the testimony relating to the Confidential Materials or Highly Confidential Materials, together with any exhibits referred to therein, in a separate volume and mark it as "Confidential Information" / "Highly Confidential Information" Governed by Protective Order; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after receiving the deposition transcript, of the portions of the transcript that are to be designated "Confidential" or "Highly Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating party's counsel. Such portion(s) of the transcript shall be deemed to be Confidential Materials or Highly Confidential Materials within the meaning of this Stipulated Protective Order;

13. If a party objects to the designation of a particular document as Confidential Materials or Highly Confidential Materials, that party shall state such objection in writing to the other party, and the Parties shall endeavor in good faith to resolve such an objection. If such an objection cannot be resolved, then, within 15 days of the designating party receiving the objection to the material's classification as Confidential or Highly Confidential, the Parties shall jointly seek judicial intervention. Any such materials or information shall remain Confidential or Highly Confidential until the Parties resolve the objection or the court issues its ruling regarding the objection or the Parties fail to seek judicial intervention within 15 days of the designating Party receiving the objection, absent an agreement by the Parties to extend the period of time to resolve the objection and seek judicial intervention;

14. Confidential Materials or Highly Confidential Materials produced in discovery in this Matter may not be used for any purpose other than for the evaluation, preparation, presentation, or settlement of claims or defenses in this Matter.

15. The Parties shall not disclose Confidential Materials to any person other than a party, an attorney for that party, or any member of the staff of that attorney's office or a law student affiliated with the attorney's office whether through an internship, externship, or law school clinic, or a consulting attorney retained in connection to this Matter, except under the following conditions:

    (a) Disclosure may be made for the purpose of preparing or presenting the Party's claims or defenses in this Matter, to those individuals described in the subparagraph (b) below.

    (b) Disclosure before trial may be made only to an expert, consultant or litigation support vendor who has been retained or specially employed by a party's

          attorney in anticipation of litigation or preparation for trial for this Matter; to a witness at a deposition; to the court, court personnel, any appellate court in this Matter, professional court reporters, any member of the court reporter's staff, interpreters utilized in connection with any proceeding in this Matter, or video operators transcribing deposition or testimony in this Matter; or to any person(s) whom the disclosing party agrees in writing that disclosure may be made;

    (c)    Before any disclosure is made to a person listed in subparagraph (b) above (other than to the court, any appellate court, court personnel, professional court reporters, any member of the court reporter's staff, interpreters, or video operators), the disclosing Party's attorney shall provide each such person with a copy of this Stipulated Protective Order for review, and such person shall consent in writing not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of this Matter and not to further disclose the Confidential Materials except in testimony taken in this Matter. The attorney for a party making such disclosure shall retain the signed consent and furnish a copy to the attorney for the other party upon request at a deposition or immediately before trial, although the name of an expert that a party does not intend to call as a trial witness may be redacted from such a consent before it is produced;

16.    The Parties shall not disclose Highly Confidential Materials to any person, including an inmate party and/or any other inmate, other than an attorney of record, or any member of the staff of that attorney's office or law students affiliated with the attorney's office whether through an internship, externship, or law school clinic, except under the following conditions:

    (a)    Disclosure may be made only for the purpose of preparing or presenting the Party's claims or defenses in this Matter, to those individuals described in the subparagraph (b) below;

    (b)    Disclosure before trial may be made only to an expert, consultant, or litigation support vendor who has been retained or specially employed by a Party's attorney in anticipation of litigation or preparation for trial of this Matter; to VDOC's employees and other nonexpert witnesses (excluding prisoners) at a deposition; to the court, court personnel, any appellate court in this Matter, professional court reporters, any member of the court reporter's staff, interpreters utilized in connection with any proceeding in this Matter, or video operators transcribing deposition or testimony in this Matter; or to any person(s) whom the disclosing party agrees in writing that disclosure may be made;

    (c)    Before any disclosure is made to a person listed in subparagraph (b) above (other than to the court, any appellate court, court personnel, professional court reporters, any member of the court reporter's staff, interpreters, or video operators), the disclosing party's attorney shall provide each such person with a copy of this Stipulated Protective Order for review, and such

person shall consent in writing, not to use the Highly Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of this Matter and not to further disclose the Highly Confidential Materials except in testimony taken in this Matter. The attorney for a party making such disclosure shall retain the signed consent and furnish a copy to the attorney for the other party upon request at a deposition or immediately before trial, although the name of an expert that a party does not intend to call as a trial witness may be redacted from such a consent before it is produced;

17. Any party seeking to file any paper with the court which incorporates any Confidential Materials or Highly Confidential Materials shall first make an application to the court for permission to file under seal those portions of the papers containing Confidential Materials or Highly Confidential Materials in accordance with the rules of the District Court in which the Matter is filed and the Individual Rules of the judge to whom the papers are directed. No materials shall be filed under seal unless the court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal;

18. The Parties have agreed that if the redaction of personal, confidential, highly confidential, and/or identifying information of any person is sufficient to protect the interests of Parties or nonparties, the Parties may file redacted documents without further order of the court provided that the filing of the redacted document complies with applicable rules and regulations, including the Individual Rules of the judge to whom the papers are directed;

19. In all circumstances, the portion of any document marked as Confidential or Highly Confidential that references the name or identification number of an inmate other than Plaintiff shall be redacted to obscure that information prior to filing of the document with the court;

20. At the conclusion of this litigation, including any direct appeal, counsel shall, upon request, destroy or return to the Designating Party's Counsel all copies of Confidential Materials and Highly Confidential Materials, and shall certify in writing that all copies of such information have been destroyed or returned. Nothing in this Stipulated Protective Order shall be construed to limit the Parties' use of their own Confidential Materials or Highly Confidential Materials in any manner;

21. This Stipulated Protective Order shall be binding upon the Parties immediately upon signature and shall be submitted to the court for entry as an Order;

22. The terms of this Stipulated Protective Order shall be binding upon all current and future Parties to this Matter and their counsel;

23. The Parties retain the right to seek modification of this Stipulated Protective Order or any subsequent Order entered by the court. The Parties agree to meet and confer prior to seeking any such modification; and

24. The Parties may seek any appropriate remedy for violation of this Stipulated Protective Order or any subsequent Order entered by the court.

**SO STIPULATED AND AGREED:**

By: /s/ Ann-Marie White Rene
Ann-Marie White, AAG, VSB #91166
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Phone:  (804) 371-2084
Fax: (804) 786-4239
E-mail:  arene@oag.state.va.us
(*Counsel for Defendant*)

By: /s/ Blake A. Weiner
Blake A. Weiner, VA Bar No. 94087
BLAKE WEINER LAW, PLLC
1806 Summit Avenue, Suite 300
Richmond, VA 23230
Telephone: (804) 482-1465
Email: bweiner@blakeweinerlaw.com
Counsel for Plaintiff

**SO ORDERED.**

**ENTERED:**        July 15, 2024.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE