# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## Abingdon Division

WESLEY HAYNIE,

    Plaintiff,

v.                                        Civil Action No. 1:23CV16

ASHBY, *et al.*,

    Defendants.

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

    Ashby, Robinette, Squier, Dye, Deel, and Owens ("Defendants"), by counsel, hereby submit the following Reply to the Plaintiff's Response in Opposition to the Defendant's Motion for Summary Judgment. The Defendants state as follows.

### ARGUMENT

**I.    The Plaintiff's "Affidavit" is not competent evidence.**

    As an initial matter, the Plaintiff has attempted to create a dispute of fact in response to the Defendants' Motion for Summary Judgment by submitting what he has called an "Affidavit" to the Court. (*See* ECF No. 55-1.) However, the Plaintiff's "Affidavit" is not contempt evidence. This "Affidavit" was not properly executed and therefore the Court should not consider it in response to the Defendants' Motion.

    Unsigned affidavits have no evidentiary value. *Sfakianos v. Shelby Cnty. Gov't,* 481 F. App'x 244, 245 (6th Cir. 2012); *Alexander v. CareSource,* 576 F.3d 551, 558-59 (6th Cir. 2009). "That rule extends to affidavits that are not properly signed under [2]8 U.S.C. § 1746. As a rule, electronic signatures are not deemed sufficient execution under 28 U.S.C. § 1746." *In re Patacsil*, No. 20-23457-A-7, 2023 WL 5507229, at *1 (Bankr. E.D. Cal. Feb. 28, 2023) (citing *Blount v. Stanley Engineering Fastening,* 55 F. 4th 504, 515-516 (6th Cir. 2022); *In re Grimmett,* 2017 WL

1

2437231, *11 (Bankr. D. Idaho 2017); *In re Ruebling,* 2016 WL 6877796 *4 (Bankr. C.D. Ill. 2016)).

In this case, the Plaintiff has submitted an "Affidavit" wherein he "declares" that the forgoing is true and accurate. (*See* ECF No. 55-1.) This document appears to be an attempted affidavit or declaration under 28 U.S.C. § 1746. However, this "Affidavit" was only signed electronically. (*See id.*) It was therefore not properly executed. *In re Patacsil*, 2023 WL 5507229, at *1. And, because this "Affidavit" was not properly executed, it has no evidentiary value and the Court should not consider it in response to the Defendants' Motion for Summary Judgment. *Sfakianos,* 481 F. App'x at 245; *Doherty v. Corizon Health*, No. 3:19CV420-HEH, 2022 WL 782777, at *3 (E.D. Va. Mar. 14, 2022) (holding affidavit submitted in response to motion for summary judgment was not properly executed and therefore not considered at the summary judgment stage), *aff'd sub nom. Doherty v. Ashby*, No. 22-6356, 2022 WL 4182319 (4th Cir. Sept. 13, 2022). Accordingly, the Defendants request that the Court disregard the "Affidavit" submitted by the Plaintiff in response to the Defendants' Motion for Summary Judgment.

## II.     The Plaintiff fails to raise a genuine dispute of material fact regarding his attempts at exhaustion under the Prison Litigation Reform Act.

In response to the Defendants' Motion for Summary Judgment, the Plaintiff avers in a conclusory fashion that he attempted to exhaust his allegations in this case.[1] In his "Affidavit"

---

[1] The Plaintiff states in his Response in Opposition that the Defendants' arguments regarding exhaustion, failure to state a First Amendment and assault claim, and Qualified Immunity have not been raised on behalf of Defendant Robinette. (ECF No. 55, at 4.) This is true, but only because the Plaintiff has not pled any First Amendment or assault claim against Defendant Robinette at all. (*See* Compl., ECF No. 1, at 12-16 (listing the Plaintiff's claims against the named Defendants). The Plaintiff has only pled an Eighth Amendment claim of excessive force and Fourteenth Amendment equal protection claim against Defendant Robinette. (*Id.* at 12-13.) Therefore, the Defendants' arguments regarding exhaustion, failure to state a First Amendment and assault claim, and Qualified Immunity are raised only on behalf of Defendants Ashby, Owens, Squier, Deel, and Dye.  Further, on this day, Defendants Robinette and Ashby file a Motion for Judgment on the

2

submitted to the Court, the Plaintiff states that he "wrote an initial complaint" about Defendants Dye, Deel, Owens, Squier, and Ashby.  (ECF No. 55-1.)  However—as many courts have found before—the Plaintiff's vague allegations are insufficient to raise a genuine dispute of material fact to defeat the Defendants' properly supported Motion for Summary Judgment on the issue of exhaustion.  The Defendants are therefore entitled to summary judgment in this case under the Prison Litigation Reform Act ("PLRA").

When a party opposes summary judgment, he "must do more than simply show that there is some metaphysical doubt as to the material facts."  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  That is, once the movant has met its burden to show an absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  But "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249 (citations omitted).  Although all justifiable inferences are to be drawn in favor of the non-movant, the non-moving party "cannot create a genuine issue of material fact through mere speculation of the building of one inference upon another."  *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).  In this context, specifically, "numerous courts within the Fourth Circuit and elsewhere have held that unsubstantiated and conclusory assertions by prisoner-plaintiffs that prison grievances were hindered, . . . fail to create a genuine issue of material fact sufficient to withstand summary judgment."  *Conley v. Grigsby*, W.D. Va. No. 7:22-CV-00027, 2023 WL 1868228, at *12 (W.D. Va. Feb. 9, 2023) (citation

---

pleadings as to the Plaintiff's Fourteenth Amendment claims against them.  As this Court has already found, the Plaintiff's allegations do not give rise to any Fourteenth Amendment claim and therefore these claims should be dismissed as a matter of law.

omitted) (internal quotations omitted).

Here, the Plaintiff alleges only that that he "wrote an initial complaint" about Defendants Ashby, Squier, Owens, Deel, and Dye. (ECF No. 55-1, at 1.) He then alleges that after he wrote this complaint, he was threatened not to write any more complaints. (*Id.*) But these conclusory statements are wholly insufficient to defeat the Defendants' properly supported Motion for Summary Judgment on the issue of exhaustion. The Plaintiff does not provide a copy of the written complaint that he allegedly submitted at Keen Mountain, does not detail any specific date about when he allegedly filed this written complaint, and he does not identify in which specific grievance mailbox at Keen Mountain he allegedly placed this document for processing. The Plaintiff's statement that he "wrote a complaint" is entirely conclusory.

To the contrary, as detailed in-depth in the Defendant's Motion for Summary Judgment and as explained by Ms. Hardin, had the Plaintiff actually filed a Written/Informal Complaint about his First Amendment allegations against Defendants Ashby, Owens, Squier, Deel, or Dye, that complaint would have been received directly in the Grievance Department and logged on the Plaintiff's Grievance Report—just as his other grievances against other officers, including Defendants Robinette and Ashby, were. (Hardin Aff. ¶¶ 19-22 and Encl. A, ECF No. 51-1.) The evidence in this case is that the Plaintiff did file numerous grievances at Keen Mountain, including grievances about specific correctional officers and their actions. (Hardin Aff. ¶¶ 17-22 and Encl. A, ECF No. 51-1.) These grievances were received and processed at Keen Mountain, as demonstrated by the Plaintiff's Grievance Report. (Hardin Aff. Encl. A.) In fact, the Plaintiff's Grievance Report demonstrates that the Plaintiff did file grievances and exhausted his "rough ride" allegations against Defendants Ashby and Robinette, and that he also filed an Informal/Written Complaint about Ashby allegedly threatening to assault him, but that he did not follow it up with

4

a regular grievance. (*Id*.) The evidence demonstrates that the Plaintiff never filed a single Informal/Written Complaint or Regular Grievance related to his First Amendment allegations against Defendants Ashby, Owens, Squier, Deel and Dye.[2] (Hardin Aff. ¶¶ 17-22 and Encl. A, ECF No. 51-1.) The Plaintiff's unsupported statement that he "wrote a complaint" at an unidentified time and submitted it to an unidentified location is inadequate to raise a genuine dispute of material fact at the summary judgment stage. *See Barnett v. Alamance Cnty. Sheriff Office Det. Ctr.*, No. 1:14CV732, 2016 WL 1389606, at *2 (M.D.N.C. Apr. 7, 2016) (holding that prisoner-plaintiff's conclusory allegation that "[m]edical Staff refused to allow [him] to receive a medical grievance" did not raise genuine issue of material fact and dismissing plaintiff's § 1983 claim for failure to exhaust administrative remedies); *Stohl v. Eastern Reg'l Jail*, No. 1:14CV109, 2015 WL 5304135, at *7 (N.D. W. Va. Sep. 8, 2015) (holding that prisoner-plaintiff's conclusory allegation that unnamed prison staff "discarded" his grievances "not only is unsupported by any evidence in the record, but is belied" by prisoner-plaintiff's successful filing of other grievances during same time period); *Humphrey v. Revell*, No. 5:11-CT-3168-FL, 2014 WL 1096262, at *5 (E.D.N.C. Mar. 19, 2014) (dismissing claim for failure to exhaust administrative remedies because prisoner-plaintiff failed to allege specific facts "reflecting that any prison official prevented him from exhausting [his] claim"); *Al-Mujahidin v. Harouff*, No. 9:11-2964-MGL, 2013 WL 4500446, at *7 (D.S.C. Aug. 21, 2013) (holding that prisoner-plaintiff was "not entitled to avoid summary judgment simply by asserting a conclusory and unsupported allegation that his grievances were

---

[2] Moreover, the Plaintiff's Grievance Report demonstrates that he did not exhaust his Fourteenth Amendment claims against Defendants Ashby and Robinette prior to filing this lawsuit. (*See* Hardin Aff. ¶¶ 17-18 and Encl. A, ECF No. 51-1.) As explained by Affiant Hardin, had the Plaintiff filed an Informal/Written Complaint about his allegations that he was discriminated against by Ashby or Robinette, that Informal/Written Complaint would be reflected on his Grievance Report, but it is not. (*See id*.)

5

destroyed or not processed, particularly in light of documentary evidence to the contrary"); *McMillian v. N.C. Cent. Prison*, No. 5:10-CT-3037-FL, 2013 WL 1146670, at *5 (E.D.N.C. Mar. 19, 2013) (holding that prisoner-plaintiff's "unsubstantiated and conclusory allegations that his grievances were not accepted by staff, without providing any details regarding the date the alleged grievances were submitted or to whom they were submitted, are insufficient to refute defendants' arguments in support of their exhaustion defense."), *aff'd*, 534 F. App'x 221 (4th Cir. 2013).

Moreover, as argued in the Defendants' Motion for Summary Judgment, the Defendants are entitled to the presumption of regularity in this case. (*See* ECF No. 52, at 24-25.) In response to this, the Plaintiff confusingly argues that the Defendants are not entitled to this presumption because in one of the grievance responses that the Plaintiff received about the alleged rough ride, a non-party VDOC employee stated that the Plaintiff was placed in a seatbelt during the transportation. (ECF No. 55, at 6.) However, the Defendants have argued that the presumption of regularity applies to Keen Mountain Grievance Department's record keeping of grievance documents. (*See* ECF No. 52, at 24-25.) The Plaintiff's argument is nonsensical; he does not argue that Keen Mountain's records are untrustworthy at all. He simply argues that he has evidence that rebuts the Defendants' version of events as to the merits of the Plaintiff's rough ride allegations.[3] But as explained in the Defendants' Memorandum in Support of their Motion for

---

[3] The Plaintiff also argues that the "presumption of regularity does not apply here given that at least two different inmates have made the same allegations regarding the facilities failure to follow grievance procedure, provide copies, and threaten inmates." (ECF No. 55, at 6.) The Plaintiff does not provide any evidence for this statement which the Court may consider at the summary judgment stage. To the extent that the Plaintiff alleges that these two "inmates" are the Plaintiff, himself, and inmate Fitzgerald—whose case the Court has severed from this one—this is insufficient evidence altogether. As explained herein, the Plaintiff did not submit competent evidence in response to the Defendants' Motion for Summary Judgment and in the *Fitzgerald* case, the Court actually granted the Defendants summary judgment on the issue of exhaustion because the Court found that Fitzgerald's conclusory statements were insufficient to create a genuine

6

Summary Judgment, the Defendants are entitled to the presumption of regularity here because the evidence in this case is that if the Plaintiff had filed an Informal/Written Complaint about his allegations against Ashby, Squier, Owens, Deel, or Dye, that Informal/Written Complaint would be reflected on his Grievance Report, but it is not. (ECF No. 52, 24-25.) In very similar circumstances, courts have found that it is proper to grant summary judgment to prison defendants on the issue of exhaustion under the presumption of regularity where there is evidence that if the inmate had submitted a prison grievance, it would be documented in prison records, but it is not. *See Whitten v. Mays*, No. 7:23-CV-00399, 2025 WL 320951, at *5 (W.D. Va. Jan. 28, 2025); *Morgan v. Young*, No. 5:23-00101, 2024 WL 3799503, at *8 (S.D.W. Va. June 21, 2024), R*&R adopted sub nom. Morgan v. Young*, No. 5:23-CV-00101, 2024 WL 3796545 (S.D.W. Va. Aug. 13, 2024).

It is the Defendants' position that, like many courts have found before, the Plaintiff's conclusory statement in response to the evidence submitted by the Defendants on the issue of exhaustion does not raise a genuine issue of material fact. Defendants Ashby, Owens, Squier, Deel, and Dye aver that they are entitled to summary judgment on the issue of the Plaintiff's failure-to-exhaust under the PLRA as to the Plaintiff's First Amendment and assault claims against them.[4] However, as stated in the Defendants' Motion for Summary Judgment, should the Court find that there is a dispute of fact regarding the Plaintiff's efforts at exhaustion, Defendants Ashby, Owens, Squier, Deel, and Dye respectfully request an evidentiary hearing on this issue prior to

---

dispute of material fact regarding his attempts at exhaustion. *See Fitzgerald v. Stiltner*, No. 1:23CV17, ECF Nos. 40, 41.

[4] Moreover, as explained in footnote number two, the record demonstrates that he also did not exhaust his Fourteenth Amendment allegations against Ashby and Robinette, and therefore these Defendants are entitled to summary judgment as to those claims as well.

trial.[5] *See, e.g., Martin v. Mathena*, No. 7:19-CV-00218, 2021 WL 5858595, at *2 (W.D. Va. Nov. 19, 2021) (citations omitted) (explaining that if "the plaintiff survives summary judgment on exhaustion, the judge may resolve disputed facts concerning exhaustion, holding an evidentiary hearing if necessary."), *R&R adopted*, No. 7:19-CV-00218, 2021 WL 5855841 (W.D. Va. Dec. 9, 2021).

> **III.     The Plaintiff does not provide any argument explaining how he suffered an adverse action that violated his First Amendment rights to support a retaliation claim against Ashby, Squier, Owens, Deel, and Dye.**

Next, the Plaintiff attempts to refute the Defendants' argument that the Plaintiff has not suffered an adverse action to support a First Amendment retaliation claim by simply arguing the Defendants are incorrect. (*See* ECF No. 55, at 7.) But the Plaintiff does not explain ***why*** he believes the Defendants' argument is legally deficient. Instead, he summarily characterizes it as inaccurate and claims that the Court has already "rejected" this argument. (*Id.*) But as explained in the Defendants' Motion for Summary Judgment, although the Court previously found that the Plaintiff's allegations were sufficient to state a First Amendment retaliation claim, the Defendants have now put forth evidence at the summary judgment stage demonstrating that the Plaintiff did not suffer any adverse action at all. (ECF No. 52, at 28 (citing Haynie RFP Resp. Nos. 1-6 and Haynie ROG Resp. Nos. 18-23).) As explained in their Motion for Summary Judgment, the Plaintiff has admitted in discovery that he was only prevented from filing prison grievances—which are not protected First Amendment activity and cannot alone sustain a retaliation claim. The Plaintiff provides no specific argument or evidence to the contrary. Accordingly, for all of the reasons detailed in the Defendants' Motion for Summary Judgment and Memorandum in

---

[5] The Plaintiff does not appear to oppose this request in his Response in Opposition.

Support Thereof, Defendants Ashby, Deel, Owens, Squier, and Dye are entield to judgment as a matter of law on the Plaintiff's First Amendment claims of retaliation against them.[6]

### IV. This Court did not previously reject the Defendants' defense of Qualified Immunity, and the Plaintiff does not cite to a robust consensus of published circuit court opinions to overcome Qualified Immunity.

In response to the Defendant Ashby, Squier, Owens, Deel, and Dye's argument that they are entitled to Qualified Immunity as to the Plaintiff's First Amendment claims against them, the Plaintiff incorrectly states that the Court has already "rejected" this defense. (ECF No. 55, at 8.) The Plaintiff also attempts to overcome the Defendants' Qualified Immunity defense by arguing he has identified sufficient cases outside of the Fourth Circuit that would put the Defendants on reasonable notice that their alleged retaliatory conduct—simply threatening the Plaintiff not to file grievances—is sufficiently adverse under the First Amendment to sustain a retaliation claim. But the Plaintiff's arguments fail on both counts.

First, although some of the Defendants argued that they are entitled to Qualified Immunity in their Motions to Dismiss in response to the Plaintiff's Complaint (ECF No. 16, at 5; ECF No. 33, at 5), the Court simply did not rule on this issue in its Opinion and Order deciding the Motions to Dismiss. (*See generally* ECF No. 38.) The Court therefore has not "rejected" the Defendants' defense of Qualified Immunity at all.

Next, the Plaintiff cites to *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533 (4th Cir. 2017) to argue that he can overcome Qualified Immunity by "point[ing] to a consensus of cases of

---

[6] Likewise, the Plaintiff does not provide any substantive response to the Defendants' argument that he fails to state any cognizable First Amendment claim of prior restraint or assault. (*See* ECF No. 55, at 10.) Accordingly, for all of the reasons detailed in the Defendants' Motion for Summary Judgment and Memorandum in Support Thereof, Defendants Ashby, Squier, Owens, Deel, and Dye aver that the Plaintiff fails to state any prior restraint claim and that they are entitled to Qualified Immunity as to that claim. (*See* ECF No. 52, at 34-37.)

persuasive authority" which would put the Defendants on reasonable notice that their alleged retaliatory conduct—threatening the Plaintiff not to file grievances—is sufficiently adverse under the First Amendment to sustain a retaliation claim. (ECF No. 55, at 8.) However, the Plaintiff omits critical language from *Booker*. To actually overcome the defense of Qualified Immunity, a Plaintiff must at least identify a consensus of authority of ***published*** cases from circuit court of appeals outside of the Fourth Circuit. *Booker*, 855 F.3d at 543. And, after *Booker*, in *Garrett v. Clarke*, the Fourth Circuit stated that even if the law was not clearly established in a specific jurisdiction, a "***robust*** consensus" of persuasive authority from other jurisdictions may demonstrate the existence of a rule "that every reasonable official would know[]" for qualified immunity purposes. 74 F.4th 579 (4th Cir. 2023) (emphasis added). Here, at most, the Plaintiff identifies just three published opinions from circuit courts of appeals outside of the Fourth Circuit that appear to have held that mere verbal threats, alone, are sufficiently adverse to support a First Amendment retaliation claim. (*See* ECF No. 55, at 9-10.) This is clearly not a "robust consensus" of circuit courts necessary to defeat the Defendants' Qualified Immunity defense. Accordingly, as detailed in-depth in the Defendants' Memorandum in Support of their Motion for Summary Judgment, Defendants Ashby, Squier, Owens, Deel, and Dye are entitled to Qualified Immunity as to the Plaintiff's First Amendment claims against them.

        **V.**    **The Plaintiff cannot carry his burden at trial that Defendants Robinette and Ashby caused his back pain because he has pled the alleged bulging disc caused his pain, and because he had pre-existing causes of back pain prior to the alleged transportation.**

As to the Plaintiff's Eighth Amendment excessive force claims against Ashby and Robinette, the Plaintiff concedes that he is unable to carry his burden at trial that the alleged rough ride caused him to suffer any bulging disc in his back. (ECF No. 55, at 11.) Awkwardly, however, he does argue that he can carry his burden as to the cause of his alleged back pain. (*See id.*) However, the Plaintiff explicitly pled in his Complaint that the alleged rough ride caused the

10

Plaintiff to suffer "a disk bulge that *resulted* in severe back pain." (Compl., ECF No. 1 ¶ 70 (emphasis added).) Given the Plaintiff's concession that he cannot carry his burden about existence of the disc bulge, it follows that he also cannot carry his burden that any disc bulge caused his back pain—his specific allegations in his Complaint.

Moreover, the Plaintiff's treating medical provider, Nurse Practitioner Ball, has testified that the Plaintiff suffered from pre-existing medical conditions that cause back pain prior to the alleged October 14, 2021 transportation and the Plaintiff's medical records demonstrate he complained to medical providers about back pain prior to the alleged transportation. The Plaintiff was therefore required to retain a medical expert to opine that his back pain was caused or exacerbated by the alleged rough ride.

As explained by Nurse Practitioner Ball, prior to the alleged October 14, 2021 transportation, in November 2019, the Plaintiff had an x-ray because he had complained of back pain from lifting weights. (Ball Decl. ¶ and Encl. A.) This x-ray revealed that the Plaintiff was suffering from disc degeneration, which causes back pain. (Ball Decl. ¶ 32.) Similarly, the Plaintiff had also been shot in his left leg prior to being incarcerated. These gunshot wounds, too, may cause pain because the nerves traveling between the Plaintiff's leg and back may have been damaged, or the gunshot wounds have affected the natural alignment of the Plaintiff's back, resulting in pain. (Ball Decl. ¶ 32.)

When a plaintiff has a medical condition that pre-exists a traumatic event for which he seeks to recover, he must retain a medical expert to provide sufficient evidence demonstrating proximate causation of the alleged injury or any exaggeration of it—this was the exact holding of *Taylor v. Shreeji Swami, Inc.*, 820 Fed. App'x 174, 176 (4th Cir. 2020), which the Defendants' cited in their Memorandum in Support of their Motion for Summary Judgment. The Plaintiff does

11

not attempt to distinguish *Taylor*, or any of the other these cases cited by the Defendants, nor does he argue that they are not applicable to this case. In *Taylor*, the Court explained that "[t]he necessity of expert evidence of causation is assessed on a case-by-case basis, taking into consideration factors such as the type of injury, the alleged mechanism of the injury, the immediate appearance of symptoms, and *whether the plaintiff was previously in good health and free from the kind of symptoms involved.*" *Id*. (citations omitted and emphasis added). Here, the Plaintiff suffered from disc degeneration and gunshot wounds prior to the alleged rough ride—both pre-existing conditions that cause back pain.

The Plaintiff's position that he cannot carry his burden as to any alleged bulging disc but can as to his back pain is nonsensical; particularly as the Plaintiff has explicitly pled that the bulging disc *caused* his back pain. (Compl., ECF No. 1 ¶ 70.) Further, allowing the Plaintiff to testify that he suffers from back pain as a result of the alleged rough ride would require this Court to ignore the Fourth Circuit's holding in *Taylor*. Pursuant to *Taylor*, the Plaintiff was required to retain a medical expert to opine that the alleged transportation caused or exacerbated his back pain. Because the Plaintiff failed to do so, he cannot testify at trial that he suffers from back pain that was proximately caused by or exacerbated by the transportation. The Plaintiff therefore has no affirmative evidence to support his allegations that the alleged "rough ride" caused or exacerbated his back pain.

> **VI.    The Plaintiff has not submitted competent evidence in response to the Defendants' Motion for Summary Judgment on the issue of whether he sustained any other injuries as a result of the alleged rough ride and the Plaintiff's medical records belie the Plaintiff's statements.**

Finally, in an attempt to save his Eighth Amendment claims, the Plaintiff alleges in his "Affidavit" that he suffered other injuries as a result of the alleged rough ridge aside from back pain. The injuries that the Plaintiff alleges in his "Affidavit" are a "cut on his head," swelling on

12

his head, having been knocked unconscious "at some point in the car ride" and nausea. (ECF No. 55-1 ¶ 6.) However, as stated above, the Plaintiff's "Affidavit" is not competent evidence which may be considered in response to the Defendant's Motion for Summary Judgment because it was not properly executed and therefore has no evidentiary value. *Sfakianos,* 481 F. App'x at 245; *Doherty*, 2022 WL 782777, at *3. The Plaintiff has therefore failed to produce competent evidence in response to the Defendants' Motion for Summary Judgment on the issue of whether he suffered any injuries at the summary judgment stage to support his excessive force claims, entitling Defendants Ashby and Robinette to summary judgment. *Celotex Corp.*, 477 U.S. at 322-23 (explaining that summary judgment is appropriate against a party who has failed to establish an element of his case of which he bears the burden of proof at trial).

Moreover, the Plaintiff's statements in his "Affidavit" that he suffered other various injuries are belied by his own medical records which are entitled to a presumption of accuracy. *Thomas v. Hogan*, 308 F.2d 355, 361 (4th Cir. 1962) (explaining that "hospital [or other medical] records are deserving of a presumption of accuracy even more than other types of business entries.").[7] As explained by Nurse Ball, the Plaintiff was seen by a VDOC medical provider at Keen Mountain following the October 14, 2021 transportation who charted that she did not objectively observe any injuries. (Ball Decl. Encl. B, ECF No. 52-3.) This Registered Nurse charted that the Plaintiff did not suffer from any injuries, and that he had no medical complaints. (Ball Decl. ¶¶ 11-12 and Encl. B, ECF No. 52-3. Accordingly, in order to, at the very least, overcome the presumption of accuracy that the Plaintiff's medical records are entitled to, the Plaintiff must come forward with something other than his own improperly executed and self-

---

[7] Notably, the Defendants argued in their Motion for Summary Judgment that Plaintiff's medical records are entitled to the presumption of accuracy and the Plaintiff does not dispute this in his Response in Opposition.

13

serving "Affidavit." "The law is well established that uncorroborated, self-serving testimony of a plaintiff is not sufficient to create a material dispute of fact sufficient to defeat summary judgment." *DiQuollo v. Prosperity Mortg. Corp.*, 984 F. Supp. 2d 563, 570 (E.D. Va. 2013) (citations omitted); *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986) (explaining that a mere "scintilla" of evidence is insufficient to defeat summary judgment). The Plaintiff has not put forth any competence evidence at the summary judgment stage demonstrating hat he suffered any injuries as a result of the alleged rough ride. Defendants Robinette and Ashby are therefore entitled to summary judgment in this case.[8]

## CONCLUSION

As explained herein and in the Defendants' Memorandum in Support of their Motion for Summary Judgment, the Defendants are entitled to summary judgment on the Plaintiff's First Amendment, assault, and Eighth Amendment claims against them.[9]

Respectfully submitted,

ASHBY, ET AL., DEFENDANTS.

By: s/ Ann-Marie White Rene
Ann-Marie White, AAG, VSB #91166
Office of the Attorney General

---

[8] The Plaintiff attempts a last-ditch argument in the hopes of salvaging his Eighth Amendment excessive force claims. The Plaintiff alleges that his medical records demonstrate that he complained of a "headache" in the days following the October 14, 2021 transportation. (ECF No. 55, at 13.) But a lone a headache is simply insufficient as a matter of law under the Eighth Amendment's objective prong to sustain an excessive force claim against Defendants Robinette and Ashby. *Ross v. Amon*, No. 10-CV-00028-CMA-KLM, 2011 WL 2414537, at *5 (D. Colo. May 5, 2011) (holding that the Plaintiff's allegations that he suffered a "severe headache" was insufficient to sustain an Eighth Amendment excessive force claim), *R&R adopted,* No. 10-CV-00028-CMA-KLM, 2011 WL 2357922 (D. Colo. June 10, 2011).

[9] Likewise, as detailed herein, the record establishes that the Plaintiff did not exhaust his administrative remedies with regard to his Fourteenth Amendment equal protection claims against Defendants Robinette and Ashby. However, the Defendants concede that this argument was not raised in their Motion for Summary Judgment, and therefore they have submitted on this day a Motion for Judgment on the pleadings under Rule 12(c).

202 North Ninth St.
Richmond, Virginia 23219
Phone: (804) 371-2084
Fax: (804) 786-4239
E-mail: arene@oag.state.va.us
*(Counsel for Defendants)*

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically serves counsel of record:

Blake Weiner Law, PLLC
1806 Summit Avenue, Suite 300
Richmond, VA 23230
678-492-7629
Email: bweiner@blakeweinerlaw.com
(*Counsel for Plaintiff*)

By: s/ Ann-Marie White Rene
Ann-Marie White, AAG, VSB #91166
Office of the Attorney General
202 North Ninth St.
Richmond, Virginia 23219
Phone: (804) 371-2084
Fax: (804) 786-4239
E-mail: arene@oag.state.va.us
*(Counsel for Defendants)*