IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| WESLEY HAYNIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 1:23-cv-00016-JPJ-PMS |
| | ) |
| HAROLD CLARKE, *et al.* | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF MOTION IN LIMINE

Defendants, Ashby, Robinette, Squier, Dye, Deel, and Owens ("Defendants"), by counsel, submit the following memorandum in support of their motion in limine.

### STANDARD OF REVIEW

"A motion in limine is a pretrial motion which requests that the court exclude inadmissible or prejudicial evidence before it is actually offered at trial." *Gonzalez v. Seaworld Parks & Entm't., LLC*, No. 4:20cv27, 2021 U.S. Dist. LEXIS 141256, at *2–3 (E.D. Va. July 28, 2021) (internal quotations omitted). Motions in limine "may be directed toward barring specific evidence or argument and may be based on any of the grounds available under the Federal Rules of Evidence." 3 James Wm. Moore, Moore's Federal Practice § 16.77(3)(d)(ii) (3d ed. 2013).

"The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *United States v. Verges*, No. 1:13cr222, 2014 U.S. Dist. LEXIS 17969, 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014). Such "[q]uestions of trial

1

management are quintessentially the province of the district courts." *United States v. Smith*, 452 F.3d 323, 332 (4th Cir. 2006). But a motion in limine must be granted when the evidence "is clearly inadmissible on all potential grounds." *Emkami v. Bolden*, 241 F. Supp. 3d 673, 681–82 (E.D. Va. 2107) (internal quotations omitted).

## LAW AND ARGUMENT

These defendants move to exclude the following from opening statements, argument by counsel, and evidence at the trial of this action:

1. Claims of Bulging Disc

In response to Ashby and Robinette's motion for summary judgment on the plaintiff's Eighth Amendment claim, Haynie conceded that he did not have medical expert testimony and cannot prove that he suffered a bulging disc in his back as a result of any alleged actions of the defendants. (Opinion and Order ECF 79). Rather, his claims are limited to allegations of increased pain and loss of consciousness. (*Id.*) Therefore, the Court should limit any evidence to these categories.

2. Evidence From or Related to Reginald Fitzgerald

The plaintiff identified Reginald Fitzgerald as a witness in this matter. Fitzgerald was previously a co-plaintiff in this matter, but the Court severed his claims because they were unrelated to Haynie's claims. "The primary claims in this case (excessive force on October 14, 2021 against Haynie and verbal threats in late 2022 against Fitzgerald) not only occurred at different times and locations, but also involved different officers and legal questions." (Order ECF 2).

2

As a result, evidence or argument regarding Fitzgerald's unrelated claims are not relevant and would cause substantial risk of prejudice, confusion, and delay. Fed. R. Evid. 402 (irrelevant evidence is inadmissible), 403 (stating relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues or undue delay).

Moreover, apparently the import of Fitzgerald's claims would be for improper Rule 404 evidence. Federal Rule of Evidence 404(b) requires exclusion of evidence of a person's prior crime, act or wrong to prove a person's character in order to show that a person acted in accordance with that character and evidence of prior acts is inadmissible if used in such a manner. *Id.* The plaintiff cannot seek to prove his claims in this case by claiming that other officers at different times acted similarly.

Therefore, Fitzgerald's testimony and any related evidence or argument should be excluded.

## CONCLUSION

The Court should grant the defendants' motion in limine.

ASHBY, ROBINETTE, SQUIER, DYE, DEEL and OWENS

By Counsel

Cameron S. Bell
VSB No. 47685
PENN, STUART & ESKRIDGE
P.O. Box 2288
Abingdon, VA  24212-2288
Phone: 276/628-5151
Fax:  276/628-5621
cbell@pennstuart.com

By: /s/Cameron S. Bell
    Cameron S. Bell
    *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of January 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/ Cameron S. Bell
Cameron S. Bell

4